Mr. James H. Harwell Executive Director Texas Industrial Commission 714 Sam Houston State Office Building Austin, Texas 78711
Re: Whether the Texas Legislature may appropriate funds to the Texas Industrial Commission for the purpose of providing industrial start-up training.
Dear Mr. Harwell:
You ask whether there is preexisting law within the meaning of article 3, section 44 of the Texas Constitution which would authorize the appropriation of funds to the Texas Industrial Commission (TIC) for the purpose of providing industrial start-up training. The funding for this training is currently appropriated to the Texas Education Agency (TEA). These two agencies cooperate in the development of various start-up training programs, but TEA approves the funding and reimburses the training institution.
Any appropriation made by the Legislature must be based on preexisting law. Tex. Const. art. 3, § 44; Attorney General Opinion H-1152 (1978); H-180 (1973); M-108 (1967); WW-587 (1959). Therefore, TIC must have statutory authority to provide industrial start-up training in order for funds to be appropriated to it for that purpose.
Industrial start-up training is technical-vocational education or `manpower training' as defined by the Technical-Vocational Education Act of 1969. Education Code § 31.03(9) (manpower training defined as `training for all existing and future jobs'). It is our opinion that authority to provide training of this type is committed to the educational agencies of this state.
The Technical-Vocational Education Act of 1969 provides that one of its purposes is `to establish as a part of the total educational system of the State of Texas, one council responsible for the development of a program to train manpower, through education, to further industrial and economic development in the State of Texas.' Education Code § 31.02. This council serves in an advisory capacity to the State Board for Vocational Education. Education Code § 31.33. The State Board for Vocational Education has ultimate responsibility for the state's technical-vocational education program. Attorney General Opinion H-517 (1975).
We find no authority to provide industrial training in the statutes that grant power to TIC. The duties of TIC can be found in article 6144e, section 4(a-k), V.T.C.S., and article 5190 1/2a, V.T.C.S. The only item in section 4 of article 6144e which might be construed to authorize TIC to provide industrial training is item (h) which assigns to TIC the duty to `[p]romote and encourage the location and development of new business in the state as well as the maintenance and expansion of existing business.' Similarly, article 5190 1/2 authorizes TIC to `plan, organize and operate a program for attracting and locating new industries in the State of Texas.'
The context in which article 6144e, section 4(h) and article 5190 1/2(a) appear do not evidence an intent to give TIC the authority to provide industrial training. Senate Bill 152 of the 56th Legislature both enacted article 6144e, section 4 and amended article 5190 1/2 to its present form. The caption states that the bill is `[a]n Act relating to the advertising of the . . . industrial, educational . . . and other resources of Texas. . . .' Senate Bill 152, Acts 1959, 56th Leg., ch. 193, at 431.
In the General Appropriations Act of 1977, the Legislature recognized the distinction between the authority of TIC and TEA with regard to industrial start-up training. The funds for providing the training were given to TEA, but the duty to conduct and pay for promotional activity was delegated to TIC. General Appropriations Act, Acts 1977, 65th Leg., ch. 872, at 3005, 3007. We conclude that TIC does not have authority to provide industrial training and, therefore, the Legislature may not appropriate funds to TIC for that purpose unless it first enacts statutory amendments.
 SUMMARY
There is no preexisting law authorizing the appropriation of funds to the Texas Industrial Commission for the purpose of providing industrial start-up training.
Very truly yours,
John L. Hill Attorney General of Texas
APPROVED:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee